UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAVID K. WARREN,                    )
                                    ) No. CV-12-0335-LRS
          Plaintiff,                )
                                    ) ORDER GRANTING DEFENDANT'S
v.                                  ) MOTION FOR SUMMARY JUDGMENT
                                    )
CAROLYN W. COLVIN, Commissioner     )
of Social Security,                 )
                                    )
          Defendant.                )
                                    )
_____)

**BEFORE THE COURT** are cross-motions for summary judgment,
noted for hearing without oral argument.  Attorney Maureen J.
Rosette represents Plaintiff; Special Assistant United States
Attorney Richard A. Morris represents the Commissioner of Social
Security (Defendant or Commissioner).  After reviewing the
administrative record and the briefs filed by the parties, the
court **GRANTS** Defendant's motion for summary judgment, **ECF No. 18.**

**JURISDICTION**

Plaintiff filed his applications for disability insurance
benefits and SSI benefits on March 25, 2008 (Tr. 127). He alleged
disability since March 22, 2007 because of "Cognitive disorder,
Schizophrenia, Memory, Anger, Concentration, Personality Disorder,
and possible dementia" (Tr. 171). At the hearing, Plaintiff
amended the alleged onset date to November 1, 2009 (Tr. 21,
64-65). Plaintiff's applications were denied at the initial (Tr.

77) and reconsideration (Tr. 83, 85) levels. Plaintiff filed a
Request for Hearing on August 27, 2008 (Tr. 87). On March 25,
2010, an ALJ conducted a hearing where Plaintiff appeared and
testified, represented by an attorney (Tr. 36-72). A vocational
expert also testified.  On June 15, 2010, the ALJ issued a
decision finding Plaintiff not disabled as defined in the Social
Security Act (Tr. 18-35). The Appeals Council denied Plaintiff's
request for review (Tr. 1), making the ALJ's decision the
Commissioner's final decision. 20 C.F.R. §§ 404.981, 416.1481,
422.210. Plaintiff timely filed a Complaint in this Court on May
2, 2012.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, and the briefs of the parties.
This court will adopt those facts and provide a brief summary.

Plaintiff was 63 years old on the alleged onset date and the
date of the hearing (Tr. 31, 40), closely approaching retirement
age (age 60 or over) at all pertinent times. 20 C.F.R. §§
404.1563(e), 416.963(e). Plaintiff has two bachelor's degrees
(English and Psychology) and one year of graduate school (Tr. 40,
201).  He has worked as a telemarketer, lumber handler, commercial
cleaner, and material handler (Tr. 30, Finding 6; 67-68).  It is
unclear whether Plaintiff holds a driver's license but he reported
that he takes the bus or his sister gives him rides (Tr. 47).
Plaintiff reported on a "Psychosocial Interview" Form that he has
had five DWIs.  (Tr. 311).  He is divorced, lives by himself, and
is able to prepare his own meals and eat regularly, bathes
regularly and attends to basic hygiene, does his laundry, and

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                        - 2 -

reports no difficulty in doing daily household chores. (Tr. 40, 262). He states he has had quite a bit of trouble in the past with alcohol and drinking. (Tr. 49). Plaintiff reports he quit drinking in January of 2008 (Tr. 187). Plaintiff also testified that he used illegal drugs in the past(Tr. 57-58) but reports being abstinent from cocaine since January of 2008 (Tr. 231). He reports he smoked a pack per day for 40 years but quit smoking in May of 2007. (Tr. 187, 213). He testifies that he has some memory problems. (Tr. 43). He also testified he spends a lot of time at the library doing research and learning the computer. (Tr. 43). He states he has experienced anxiety attacks in the past. (Tr. 48). He has decreased his coffee intake to one cup, and has had no panic attacks since October of 1998. (Tr. 48).

**ALJ'S FINDINGS**

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2009, the alleged onset date (Tr. 23, Finding 2). 20 C.F.R. §§ 404.1520(b). 416.920(b). At step two, the ALJ found Plaintiff had the following severe impairments: organic mental disorder, alcohol abuse, alcoholic polyneuropathy, polyuria, generalized anxiety disorder, and dementia (Tr. 23, Finding 3). 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the ALJ found that Plaintiff's impairments did not meet or equal the requirements of a listed impairment (Tr. 24, Finding 4). 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d).

The ALJ found that Plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels, but with the following nonexertional limitations: [he] can perform

simple and some complex tasks; needs to be in an isolated setting to focus on tasks; may need extra time to adapt to changes in work settings; moderate restrictions in the ability to maintain sustained attention, concentration, and persistence for extended periods; and moderate restrictions in the ability to interact appropriately with the public or respond appropriately to changes in the work setting. (Tr. 25, Finding 5). 20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.946, and 404.1567, 416.967 (defining exertional levels of work). In making these findings, the ALJ found that although Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, his statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the determined residual functional capacity assessment (Tr. 29).

At step four, the ALJ found Plaintiff was capable of performing his past relevant work as a lumber handler, commercial cleaner, and material handler as actually performed and as generally performed in the general economy. This work did not require the performance of work-related activities precluded by Plaintiff's residual functional capacity (Tr. 30, Finding 6). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Because Plaintiff was unable to meet his burden of showing that he could not perform his past relevant work, the ALJ was not required to and did not proceed to step five of the sequential process. The ALJ, therefore, found Plaintiff was not under a disability, as defined in the Social Security Act from November 2, 2009, the through the date of the decision (Tr. 30, Finding 7). 20 C.F.R. §§

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                                    - 4 -

404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

**ISSUES**

Plaintiff alleges that there was not substantial evidence to support the ALJ's conclusions.  More specifically, Plaintiff believes that he is more limited from a psychological standpoint than what was determined by the ALJ.  Plaintiff further believes that the ALJ did not properly consider nor reject the opinions of Dr. Dalley, and, based on this error, the ALJ 's decision must be reversed.

The Commissioner disagrees, asserting the ALJ's decision is supported by substantial evidence and free of legal error.  The Commissioner specifically argues that the ALJ properly considered the medical reports and opinions.  The Commissioner asks the Court to affirm the Agency's final decision that Plaintiff was not disabled under the Social Security Act (ECF No. 19 at 16).

**DISCUSSION**

**A.   Psychological Evidence: Mahlon Dalley, Ph.D.'s Opinions and James Bailey, Ph.D.'s Opinion**

Plaintiff alleges that the ALJ did not properly consider or reject the opinions of psychologist Mahlon Dalley, Ph.D., made in two psychological evaluations.  (ECF No. 17 at 6-10).  Plaintiff also argues that the ALJ gave too much weight, or incorrectly "relied primarily on" the non-examining, non-treating opinion of reviewing psychologist, James Bailey, Ph.D.  (ECF No. 17 at 8).

On March 21, 2008 and March 28, 2008, Plaintiff underwent a psychological evaluation (TR 221-232).  Dawn Wilcox, BA, MS Candidate, Brooke Sjostrom, MS, LMHC, and Mahlon Dalley, PhD, completed the evaluation (TR 232). The examiners conducted a

background history, a mini-mental status examination, and psychological testing (Tr. 225-26) and Plaintiff was diagnosed with alcohol dependence; cocaine dependence in early, full remission;  cognitive disorder, NOS; and a rule-out diagnosis of alcohol-induced persisting dementia (TR 230).

Plaintiff scored 29 out of 30 points on the mini-mental status examination, with 24 being the cut-off to be classified in the impairment range (Tr. 226). Plaintiff appeared to exhibit average mental control and demonstrated a good fund of general information, and an ability to think abstractly (Tr. 226). Trails A and B testing, used for visual-conceptual and visual-motor tracking, were in the normal limits range (Tr. 22).  Plaintiff's scores on the Wechsler Adult Intelligence Scale-3 (WAIS-3) were: verbal IQ of 122 (93rd percentile), performance IQ of 99 (47th percentile), and full scale IQ of 112 (79th percentile). His overall performance was classified in the high average range (Tr. 228). Wechsler Memory Scale-III (WMS-III) results suggested significant cognitive impairments in immediate, visual, delayed, and general memory abilities (Tr. 229). The examiners administered the Minnesota Multiphasic Personality Inventory-2 (MMPI-2), which measures emotional adjustment. People with similar scores to Plaintiff's, report difficulties in concentration and attention, as well as memory deficits (Tr. 230).

The master's level therapists, working under the supervision of Dr. Dalley, assessed Plaintiff's ability to do work activities, concluding that Plaintiff would have several moderate and marked work-related limitations (TR 223).  Plaintiff asserts that even though the ALJ had given little weight to these opinions because

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 6 -

Dr. Dalley signed off as the releasing authority and did not examine Plaintiff, it is Plaintiff's position that the opinion of a master's level therapist, who works in conjunction with a psychologist, should constitute that of an acceptable medical source.

On January 26, 2009, Ms. Wilcox again evaluated Plaintiff, under the supervision of Dr. Dalley (Tr. 260-64). Ms. Wilcox reviewed prior records, and conducted a mini-mental status examination and psychological testing (Tr. 261). The mini-mental status examinations results were virtually identical to the March 2008 results (Tr. 261). The Trails A testing result was in the normal range, and the Trails B result was in the mild impairment range, likely related to performance anxiety (Tr. 261-62). MMPI-II testing again showed scores similar to others who reported difficulties in concentration and attention, as well as memory deficits (Tr. 262). Ms. Wilcox and Dr. Dalley diagnosed cognitive disorder, NOS; generalized anxiety disorder; alcohol dependence, early full remission (by his report); cocaine dependence, sustained full remission (by his report); and rule/out alcohol-induced persisting dementia (Tr. 262). They assigned a GAF score of 47 (Tr. 263). A GAF score of 41 to 50 indicate serious symptoms or (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). DSM-IV-TR at 32-34. Plaintiff's current cognitive deficits were likely to interfere with his ability to maintain employment (Tr. 263-64).

Ms. Wilcox completed a DSHS Psychological/Psychiatric

Evaluation form, also signed by Dr. Dalley (Tr. 265-68). They opined Plaintiff had marked limitations in the ability to relate appropriately to co-workers and supervisors; and the ability to respond appropriately and tolerate the pressures and expectations of a normal work setting (Tr. 267). They found moderate limitations in three other cognitive and social factors (Tr. 267).

Plaintiff argues that if Dr. Dalley's opinions were properly credited, the ALJ would have to determine that Plaintiff was much more limited from a psychological standpoint and disabled based on vocational expert testimony, wherein the vocational expert testified that there would be no work in the national economy Plaintiff was capable of performing with the limitations set forth by Dr. Dalley. ECF No. 21 at 3.

The Commissioner in its motion for summary judgment, asserts that an ALJ is responsible for judging the medical evidence. The Commissioner asserts that the ALJ is "the final arbiter" who resolves medical evidence ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). So long as there is more than a scintilla of evidence to support the interpretation of the medical evidence the ALJ provides, and that interpretation is based on the correct legal standards, it should not be overturned. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Commissioner states that the ALJ found that although Dr. Dalley signed the evaluation reports, there is no indication that he ever examined the claimant (Tr. 29). Further, the Commissioner argues that the ALJ found the opinions inconsistent with the examiners' recommendations for treatment, or more specifically, the lack thereof (Tr. 29). The ALJ reasonably interpreted the examination

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                    - 8 -

findings as inconsistent with the opinions on limitations because either treatment or abstinence from alcohol and drug use would likely improve Plaintiff's symptoms.

Second, the Commissioner argues, the ALJ found the opinions without substantial support from other evidence of record (Tr. 29). An opinion that is conclusory and inconsistent with the rest of the evidence is properly rejected. *Meanel v. Apfel*, 172 F.3d 1111, 1113-14 (9th Cir. 1999).

Third, the Commissioner asserts the ALJ properly relied on the findings of State agency reviewing psychologist, James Bailey, Ph.D. (Tr. 29). State agency medical consultants are experts in the evaluation of medical issues in disability claims under the Social Security Act. 20 C.F.R. §§ 404.1527(f), 416.927(f), and SSR 96-6p, available at 1996 WL 374180.  Dr. Bailey reviewed the medical evidence and completed a Mental Residual Functional Capacity Assessment in June 2008 (Tr. 248-51). It was Dr. Bailey's opinion that Plaintiff was capable of at least simple and some complex tasks; his concentration may be interrupted at times; he would do best in a more isolated work setting to help him stay focused; and he may need extra time to adapt to changes in the workplace (Tr. 250). In August 2008, State agency psychologist Edward Beatty, Ph. D., affirmed Dr. Bailey's assessment (Tr. 259).

**B.  Analysis**

This Court finds that Plaintiff's contention that the ALJ did not properly consider the medical reports and opinions is unfounded.  The ALJ's decision has considered the opinions of Dr. Dalley, however he accorded them less weight than Plaintiff would like. The ALJ explained his reasons for giving the opinions of Dr.

Dalley little weight (Tr. 29).

The ALJ first noted that Ms. Sjostrom and Ms. Wilcox were working under Dr. Dalley's supervision, and Dr. Dalley adopted their findings and conclusions as his own (Tr. 232, 264). The ALJ concluded that there was no indication Dr. Dalley ever examined the Plaintiff (Tr. 29). Plaintiff's argument, however, that the therapists working in conjunction with Dr. Dalley constitutes an acceptable medical source, has merit. *See Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996). It appears the ALJ did review and fully consider Dr. Dalley's opinions, but accorded them little weight. The Court finds that the ALJ interpreted the medical evidence, as legally empowered to do, and gave clear reasons for his findings. The ALJ found that the opinions were inconsistent with the examiners' recommendations for treatment, or lack thereof. (Tr. 29). In this regard, the ALJ found:

> While both examiners opined the claimant has marked limitations in his ability to relate appropriately  with co-workers and supervisors, as well as respond appropriately to and tolerate the pressures and expectations of a normal work setting, such findings are inconsistent with their recommendations of treatment or lack thereof (Exhibit 5F/4 & 13F/6).  Although both examiners noted that mental health intervention is not likely to restore or substantially improve the individual's ability to work for pay in a regular and predictable manner, they also noted that he does not currently receive mental health services and there is no indication that Ms. Sjosrom [sic] or Ms. Wilcox actually treated the claimant outside of these evaluations (Id. at 5 & 9).  Both examiners opined the claimant's current cognitive deficits are likely to interfere with his ability  to successfully initiate or maintain regular employment; yet both examiner's also recommended he be re-assessed after he is able to maintain an extended period of abstinence in order to evaluate whether his cognitive ability has improved or

> declined further, which suggests that both
> examiners are unsure as to how abstinence
> and/or treatment will affect his ability to
> initiate or sustain employment.  Additionally,
> the opinions are without substantial support
> from the other evidence of record, which
> obviously renders it less persuasive.

Tr. 29.

The Court finds that the ALJ reasonably interpreted the examination findings as inconsistent with the opinions on limitations because either treatment or abstinence would likely improve Plaintiff's symptoms. It is noted that Ms. Sjostrom found marked limitations in two social factors, where alleviation of depression and anxiety would be more likely to have a positive effect, rather than in cognitive factors, where the effect would likely be less. (Tr. 222-23).  Similarly, Ms. Wilcox indicated that abstinence would likely alleviate some anxiety symptoms (Tr. 266), and that alcohol or drug abuse may exacerbate Plaintiff's cognitive symptoms (Tr. 267). These clinical findings clearly support the ALJ's findings.  An impairment that can be controlled effectively is not disabling for social security purposes. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir.2006).

Next, the ALJ properly considered the abnormal test results administered by the examiners working under the supervision of Dr. Dalley.  More specifically, the WMS-II and MMPI-2 results indicated concentration and memory deficits.  The ALJ then considered and compared these results to the limitations shown on the DSHS forms for cognitive factors.  The limitations shown on the DSHS forms were moderate (significant), rather than marked (very significant). The ALJ's RFC finding incorporated these limitations by concluding Plaintiff could perform simple and some complex tasks, needed an isolated setting to focus on tasks, may

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                              - 11 -

need extra time to adapt to changes, and had moderate restrictions in the ability to maintain sustained attention, concentration, and persistence (Tr. 25).

Lastly, the Court finds that the ALJ's reliance on the findings of State Agency reviewing psychologist, James Bailey, Ph.D. was not in error.  The ALJ noted that although State agency physicians are non-examining, such opinions are entitled to some weight particularly when there are other reasons to reach similar conclusions (Tr. 29).  Dr. Bailey reviewed the medical evidence and completed a Mental Residual Functional Capacity Assessment in June 2008 (Tr. 248-51). It was Dr. Bailey's assessment, which was affirmed by Dr. Beatty, Ph.D., that Plaintiff was capable of at least simple and some complex tasks; his concentration may be interrupted at times; he would do best in a more isolated work setting to help him stay focused; and he may need extra time to adapt to changes in the workplace (Tr. 250). The Court finds that the ALJ's findings regarding the examining source opinions are rational conclusions based on all of the evidence.  The evidence here is susceptible to more than one rational interpretation, one of which supports the ALJ's decision. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## C.   Standard of Review

"The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence, 42 U.S.C. § 405(g)...." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975), but less than a preponderance. *McAllister*

*v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  Beane v. Richardson, 457 F.2d 758, 759 (9th Cir. 1972); *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989), quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980); *Thompson v. Schweiker*, 665 F.2d 936, 939 (9th Cir. 1982).

It is the role of the trier of fact, not this court to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court must uphold the decision of the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

A decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987).

**D.    Conclusion**

The ALJ applied correct legal standards and cited substantial evidence in finding that Plaintiff was capable of performing his past relevant work as a lumber handler, commercial cleaner, and material handler, as actually performed, and as generally

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                      - 13 -

1   performed, in the national economy.

2        **IT IS ORDERED:**

3        1. Defendant's Motion for Summary Judgment, **ECF No. 18**, is

4   **GRANTED**.

5        2. Plaintiff's Motion for summary Judgment, **ECF No. 16**, is

6   **DENIED**.

7        The District Court Executive is directed to file this Order,

8   provide copies to counsel, enter judgment in favor of defendant,

9   and **CLOSE** this file.

10       DATED this 16th day of October, 2013.

11

12                              *s/Lonny R. Suko*

13                        _____
                               LONNY R. SUKO
14                        UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT                         - 14 -